STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**October 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **P.H., L.H., and A.H.**

**No. 18-0483** (Randolph County 2017-JA-052, 2017-JA-053, and 2017-JA-054)

## MEMORANDUM DECISION

Petitioner Father D.H., by counsel G. Phillip Davis, appeals the Circuit Court of Randolph County's April 30, 2018, order terminating his parental rights to P.H., L.H., and A.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Heather M. Weese, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights when less-restrictive alternatives were available.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2017, the DHHR filed a child abuse and neglect petition against petitioner and the mother, alleging that A.H. exhibited withdrawal symptoms after her birth and subsequently tested positive for buprenorphine and cannabis. The DHHR alleged that petitioner slept during his visits with the child at the hospital, was unemployed, and did not have proper housing as there was no electric in the home and the floors were littered with clothes several layers deep. Knives and loose pills were also observed throughout petitioner's home in places easily accessible to the children. The DHHR concluded that petitioner's substance abuse rendered him incapable of routinely and consistently attending to the children's needs.

The circuit court held an adjudicatory hearing in August of 2017, wherein petitioner stipulated to the allegations contained in the petition and requested a post-adjudicatory improvement period. The circuit court accepted petitioner's stipulation, adjudicated him as an abusing parent, and granted him a post-adjudicatory improvement period. As part of the terms

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

and conditions, petitioner was ordered to attend a Suboxone clinic, provide copies of his prescriptions to the DHHR, submit to a prescription pill count, submit to drug screens, participate in supervised visitation with the children, and comply with any other services as decided by the multidisciplinary team.

Thereafter, the circuit court held review hearings in September of 2017 and January of 2018. At both hearings, the circuit court was advised that petitioner was not participating in the improvement period. In fact, as of the January of 2018 hearing, petitioner had only participated in a "few" visits with the children. Despite petitioner's noncompliance, the circuit court continued the proceedings.

The circuit court held a final review hearing in February of 2018. Although petitioner testified "drugs have never really been [his] problem[,]" testimony established that he tested positive for drugs on at least six separate occasions and often failed to participate in the call-in system for random drug screens. Petitioner failed to attend his psychological evaluation or maintain a clean and appropriate living environment. After hearing evidence, the circuit court found that petitioner failed to consistently visit with the children, participate in parenting and adult life skills classes, and comply with random drug screens. While petitioner did attend a detoxification program, he returned to substance abuse shortly thereafter. The circuit court concluded that, after six months of services, petitioner had not improved and terminated his improvement period based upon his noncompliance with the same.

In April of 2018, the circuit court held a dispositional hearing, wherein petitioner requested a post-dispositional improvement period, which was denied. After hearing evidence, the circuit court found that petitioner had not participated in his post-adjudicatory improvement period, continued to abuse drugs, and failed to make any significant change since the filing of the petition. Based on these findings, the circuit court concluded that there was no reasonable likelihood that petitioner could correct the conditions of abuse in the near future and that termination was necessary for the children's welfare. It is from the April 30, 2018, dispositional order that petitioner appeals.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if

---

[2]The mother's parental rights were also terminated below. The children were placed in a foster home with a permanency plan of adoption therein.

the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights when less-restrictive alternatives were available. According to petitioner, testimony established that he participated in a detoxification program, attempted to access services to address his drug addiction, and expressed his willingness to seek additional treatment if he were granted a post-dispositional improvement period. As such, petitioner argues that less-restrictive alternatives to termination of his parental rights, such as a post-dispositional improvement period, were available and warranted under the circumstances. We find no merit to petitioner's argument.

To begin, we find that the circuit court did not err in denying petitioner's motion for a post-dispositional improvement period. Pursuant to West Virginia Code § 49-4-610(3)(D), a circuit court may grant a post-dispositional improvement period when

> [s]ince the initiation of the proceeding, the respondent has not previously been granted any improvement period or the respondent demonstrates that since the initial improvement period, the respondent has experienced a substantial change in circumstances. Further, the respondent shall demonstrate that due to that change in circumstances, the respondent is likely to fully participate in the improvement period[.]

Because petitioner was granted a post-adjudicatory improvement period during the proceedings below, he was required to demonstrate a substantial change in circumstances in addition to his likelihood of fully participating in an improvement period. However, in his brief on appeal, petitioner does not reference any substantial change in his circumstances.

Moreover, petitioner fails to demonstrate that he was likely to fully participate in an improvement period based on his poor performance during the proceedings below. Petitioner was granted the opportunity to participate in services designed to address the conditions of abuse, but failed to do so. Petitioner entered a detoxification facility but subsequently returned to abusing drugs shortly thereafter. He failed to participate in the call-in system for random drug screens and, on at least six occasions when he did screen, tested positive for drugs. As a result, petitioner had few supervised visits with the children and consistently denied that he had a substance abuse problem, testifying at the final review hearing that "drugs have never really been [his] problem." We have previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Here, petitioner's failure to complete any aspect of his post-dispositional improvement period, coupled with his failure to acknowledge the conditions of abuse and neglect, rendered an improvement period futile. Therefore, we find no error in the circuit court's decision to deny petitioner a post-dispositional improvement period.

We also find no error in the circuit court's decision to terminate petitioner's parental rights, rather than implementing a less-restrictive alternative. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child[.]

Here, petitioner entirely failed to comply with services aimed at reducing or preventing the abuse and neglect. Petitioner continued to abuse drugs throughout the proceedings, tested positive for drugs six times, and failed to fully comply with the call-in system for random drug screens. Petitioner failed to attend his psychological evaluation, maintain a clean home, consistently attend parenting and adult life skills classes, and consistently visit his children. While petitioner argues that less-restrictive alternatives to termination of his parental rights were available, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W.Va. Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W.Va. Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Based upon a review of the record, we find no error in the circuit court's decision to terminate petitioner's parental rights. The circuit court made findings that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was in the children's best interests.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 30, 2018, order is hereby affirmed.

4

Affirmed.

**ISSUED**:  October 19, 2018


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating